IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3094-M

| | | |
|---|---|---|
| LARRY BLAKNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, a federal pretrial detainee proceeding pro se that has been civilly committed pursuant to 42 U.S.C. § 4246, filed this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80, and 42 U.S.C. § 1983 alleging constitutional violations. The matter is now before the court for initial review under 28 U.S.C. § 1915(e)(2)(B). Also before the court are plaintiff's motions to proceed without prepayment of fees (D.E. 2), to amend (D.E. 5), to compel (D.E. 6, 20, 31), for temporary restraining order (D.E. 7, 36), to change venue (D.E. 9), for leave to file supplemental complaint (D.E. 10), for judgment on the pleadings (D.E. 14), for default judgment (D.E. 16, 21), for pretrial conference (D.E. 24), and to appoint a guardian ad litem (D.E. 28).

A.  Motion to Proceed Without Prepayment of Fees (D.E. 2)

The court begins with plaintiff's motion to proceed without prepayment of fees. Plaintiff has demonstrated the requisite inability to pay the filing fee. See 28 U.S.C. § 1915(a). Accordingly, the motion is granted.

B.     Motion for Change of Venue (D.E. 9)

Plaintiff's motion for change of venue is not the model of clarity. It appears plaintiff requests that the venue be changed to the United States Court of Appeals for the Fourth Circuit and for the undersigned to recuse himself. (Mot. Change Venue (D.E. 9) at 1, 3). The court finds that venue is proper in the United States District Court for the Eastern District of North Carolina. See 28 U.S.C. § 1391(b).

Regarding recusal, a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," or "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a)–(b)(1). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994) (citing United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)). A disqualifying bias or prejudice "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." Shaw v. Martin, 733 F.2d 304, 308 (4th Cir. 1984).

Plaintiff's motion for recusal is based on his disagreement with the court's decisions in Blakney v. S.C. Law Enforcement Division, No. 5:21-CT-3080-M (E.D.N.C.). (See Mot. Change Venue (D.E. 9) at 2; Mem. in Supp. of Mot. Change Venue (D.E. 9-1) at 1–4). Such an argument does not demonstrate an extrajudicial source of bias or prejudice, or otherwise warrant recusal. Therefore, the motion is denied.

2

C.     Motions to Amend (D.E. 5) and for Leave to Supplement (D.E. 10)

Next, the court addresses plaintiff's motions to amend and file supplement.    Plaintiff seeks to add the following defendants: S.C. Law Enforcement Division of Hartsville, F.M.C. Butner, T. Scarantino ("Scarantino"), Alan E. DuBois ("DuBois"), and Logan Graddy ("Graddy"). (Mot. to Am. (D.E. 5) at 1–2; Mem. in Supp. of Mot. to Am. (D.E. 5-1) at 2; Suppl. Compl. (D.E. 10-1) at 1, 4).    The court summarily grants the motions and will direct the clerk to add these defendants to the docket.    See Fed. R. Civ. P. 15(a)(1).    Additionally, the court has reviewed and considered the allegations in the original complaint, motion to amend, and supplemental complaint in conducting the initial review set out below.

D.     Initial Review

The court now turns to its initial review of plaintiff's claims.    When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted."    28 U.S.C. § 1915A(a), (b)(1).    A frivolous case "lacks an arguable basis either in law or in fact."    Neitzke v. Williams, 490 U.S. 319, 325 (1989).    Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist."    Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted).    Factually frivolous claims lack an "arguable basis" in fact.    Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."    Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation omitted). However, a pro se plaintiff's pleading must contain "more than labels and conclusions."    Bell Atl.

3

Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008). The court need not accept as true any legal conclusions or unwarranted factual inferences. Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd 132 S. Ct. 1327 (2012).

Federal courts may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327). Examples such claims are those "describing fantastic or delusional scenarios," or that are otherwise manifestly "fanciful" or so irrational to lack any basis in fact. Id. at 32–33 (internal citations omitted).

Plaintiff has been civilly committed pursuant to 42 U.S.C. § 4246 and is housed at the Federal Medical Center in Butner, North Carolina ("FMC Butner"). (Compl. (D.E. 1) at 1). Plaintiff alleges defendants are using electronic surveillance approved by the court to invade his privacy. (Id. at 1–3; Mot. to Am. (D.E. 5) 1–3; Suppl. Compl. (D.E. 10-1) at 2–3). Plaintiff alleges this surveillance allows law enforcement and the general public to observe plaintiff using the toilette in his cell. (Compl. (D.E. 1) at 2; Mot. to Am. (D.E. 5) at 2). Plaintiff further asserts defendants Scarantino, DuBois, and Graddy failed to inform the court of the surveillance by FMC Butner and law enforcement. (Suppl. Compl. (D.E. 10-1) at 4). As a result of the actions of defendants, plaintiff alleges the general public is harassing him and sending him death threats contingent upon plaintiff removing his Facebook page. (Compl. (D.E. 1) at 2–3; Suppl. Compl. (D.E. 10-1) at 4).

The court finds plaintiff's allegations to be fanciful, delusional, and wholly conclusory. See Denton, 504 U.S. at 32–33; Neitzke, 490 U.S. at 327–28. Furthermore, plaintiff has filed

4

numerous causes of actions consisting of variations of the above delusional allegations. See

Blakney v. United States, No. 5:22-CT-3346-D, at p. 3 (E.D.N.C. Nov. 23, 2022) (collecting

cases).

## CONCLUSION

Based on the foregoing, plaintiff's motions to proceed without prepayment of fees (D.E.

2), to amend (D.E. 5), and for leave to supplement (D.E. 10) are GRANTED. The clerk is

DIRECTED to add the following defendants to the docket: S.C. Law Enforcement Division of

Hartsville, F.M.C. Butner, T. Scarantino, Alan E. DuBois, and Logan Graddy. Plaintiff's motion

to change venue (D.E. 9) is DENIED. Plaintiff's motions to compel (D.E. 6, 20, 31), for

temporary restraining order (D.E. 7, 36), for judgment on the pleadings (D.E. 14), for default

judgment (D.E. 16, 21), for pretrial conference (D.E. 24), and to appoint a guardian ad litem (D.E.

28) are DENIED AS MOOT.

The court DISMISSES the action without prejudice for failure to state a claim pursuant to

28 U.S.C. § 1915(e)(2)(B)(ii). The clerk is DIRECTED to close the case.

SO ORDERED, this the ___9th___ day of ___February___, 2023.

RICHARD E. MYERS II
Chief United States District Judge

5